UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X       Case No.
AMIRA DARWISH,

                          Plaintiff,

        -against-                                                              **COMPLAINT**

                                                             **JURY DEMANDED**

COUNTY OF ROCKLAND, ROCKLAND
COUNTY DEPARTMENT OF SOCIAL
SERVICES and PATRICIA
CHURCH-RODRIGUEZ,

                          Defendants.
-------------------------------------------------------X

        Plaintiff AMIRA DARWISH ("Plaintiff"), by and through her attorneys, FISHER TAUBENFELD LLP, alleges against Defendants COUNTY OF ROCKLAND ("Rockland County" or "County Defendant"), ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES ("RCDSS") and PATRICIA CHURCH-RODRIGUEZ ("Defendant Church-Rodriguez" or "Individual Defendant") (collectively "Defendants"), the following:

## NATURE OF THE ACTION

        1.    This action is brought to challenge Defendants' practices of discrimination, fostering a hostile work environment, and retaliation against Plaintiff, in violation of 42 U.S.C. § 2000e ("Title VII") and Section 1981 of the Civil Rights Act, 42 USC §1981.

        2.    Defendants knowingly violated Plaintiff's rights under federal laws, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiff would be economically injured.

        3.    Damages and other legal relief are sought pursuant to Title VII and Section 1981.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is proper under 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States.

5. All conditions to jurisdiction under Title VII have been met. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 5, 2022 and received a Notice of her Right to Sue from the EEOC on September 20, 2022, thereby giving Plaintiff the right to proceed in Federal Court and giving this Court jurisdiction.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) in that Rockland County and RCDSS maintain offices and conduct business in this district. Plaintiff was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

7. At all relevant times, Plaintiff was a resident of New York State.

8. Plaintiff is Hispanic and Palestinian.

9. Plaintiff was at all times a "person" within the meaning of Title VII, protected from discrimination on the basis of race, ethnicity, and national origin.

### *Defendants*

10. At all relevant times, Defendants were Plaintiff's employers.

11. RCDSS is a county department with an office located at 50 Sanatorium Road, Building L, Pomona, NY 10970.

12. Rockland County is a municipality within the State of New York.

13. Defendant Church-Rodriguez was employed as a supervisor by RCDSS and supervised Plaintiff.

14. Defendant Church-Rodriguez is Caucasian.

## FACTUAL ALLEGATIONS

*Background regarding Plaintiff's Employment.*

15. Plaintiff was employed by RCDSS as a case worker in the Children's Services Unit from January 13, 2020 until January 15, 2021.

16. Plaintiff was a junior employee and was employed on a probationary basis.

17. From March 20, 2020 until in or around the first week of October 2020, Plaintiff worked remotely due to the COVID-19 pandemic.

18. At all times during her employment, Plaintiff carried out her job duties with diligence and care, consistently meeting or exceeding Defendants' legitimate performance expectations.

*Harassment and Discrimination against Plaintiff.*

19. From the beginning of Plaintiff's employment, Defendant Church-Rodriguez made constant discriminatory and harassing comments to Plaintiff.

20. Defendant berated Plaintiff on occasions when she made a mistake in a way that was noticeably harsher than how non-Hispanic employees were treated.

21. Defendant Church-Rodriguez was hostile towards Plaintiff, making comments such as "people are watching you."

22. Defendant Church-Rodriguez also prevented Plaintiff from being assigned to certain cases.

23. On one occasion, Defendant Church-Rodriguez referred to Mexicans as "you people," stating that she meant "day laborers or people that drink like that."

24. Plaintiff is part Hispanic.

25. Defendant also made Plaintiff feel that her age was an issue, making statements

such as "my son is older than you."

26. Defendant also derogatorily commented on Plaintiff's clothing and hair, often asking her where she got the money to afford her clothes.

27. Plaintiff went to Defendant Church's supervisor, Jill Stoll, at least three times to complain about Defendant Church's behavior, including on October 15, 2020.

28. Defendant Church's supervisor ensured Plaintiff that she would not be fired for making these complaints.

29. When Defendant Church-Rodriguez learned of Plaintiff's complaints, she told Plaintiff that "two can play that game," indicating that she would include inaccurate negative information in Plaintiff's performance review.

30. In or around October 2020, after a virtual staff meeting, Defendant Church-Rodriguez told Plaintiff to meet her outside. Defendant Church-Rodriguez then yelled from her car that Plaintiff should "speak only when asked" and "keep your mouth shut," stating: "you don't know how to stay shut."

*Retaliatory Termination of Plaintiff.*

31. In Plaintiff's year end evaluation on December 7, 2020, Defendant Church-Rodriguez included a complaint from a foster parent even though Plaintiff was not the case manager for that child.

32. Despite this unfounded criticism, Plaintiff's December 2020 performance review reflected that she met performance expectations.

33. However, only a few weeks after her satisfactory performance review, on January 15, 2021, Defendant Church-Rodriguez gave Plaintiff a Probationary Action Form claiming that her performance was deficient.

5

34. Plaintiff was terminated the same day on January 15, 2021, without any notice or explanation.

## FIRST CAUSE OF ACTION
### Race Discrimination under Title VII
### Against County Defendant and RCDSS

35. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

36. Defendants willfully violated federal law when they subjected Plaintiff to discrimination in the terms and conditions of her employment on the basis of her race.

37. As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

38. As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SECOND CAUSE OF ACTION
**Discrimination in the Terms and Conditions of Employment and Retaliation in Violation of Section 1981 Against Defendant Church-Rodriguez in her Individual Capacity**

39. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

40. Defendant Church-Rodriguez subjected Plaintiff to discrimination on the basis of her race, ethnicity and national origin, by tolerating a hostile work environment.

41. Defendant also retaliated against Plaintiff for complaining about Defendant's discriminatory actions.

42. These acts were in violation of Section 1981 of the Civil Rights Act, 42 U.S.C. § 1981.

43. As a result of Defendants' actions, Plaintiff has suffered lost wages and emotional distress.

44. Due to Defendant's violations, Plaintiff is entitled to recover from Defendant Church-Rodriguez compensatory and punitive damages, as well as reasonable attorneys' fees and costs of the action.

## THIRD CAUSE OF ACTION
### Retaliatory Termination under Title VII
### Against County Defendant and RCDSS

45. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

46. Based upon the facts alleged above, Defendants terminated Plaintiff in retaliation for her complaints about unfair and discriminatory treatment in violation of Title VII.

47. As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

48. As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment:

i. back pay, prejudgment interest, front pay and damages for all employment

benefits Plaintiff would have received but for the unlawful acts and practices of Defendants;

ii. compensatory damages;

iii. punitive damages against Defendant Church-Rodriguez;

iv. reasonable attorneys' fees and costs incurred in this action; and

v. any other relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: December 16, 2022
    New York, NY

        Respectfully submitted,

        **FISHER TAUBENFELD LLP**

        By *Michael Taubenfeld*
        Michael Taubenfeld
        *Attorneys for Plaintiff*
        225 Broadway, Suite 1700
        New York, New York 10007
        Phone: (212) 571-0700
        Fax: (212) 505-2001